UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN P. ALLISON,

    Petitioner,

v.                                                                                              Civil Action No. 2:15-cv-144

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner John P. Allison's ("Allison") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 19. The Motion was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned finds that the Petitioner is without standing, and therefore **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 19, be **GRANTED**, and Allison's Petition, ECF No. 1, be **DISMISSED**.

### I. Factual and Procedural Background

There are three convictions which are relevant to the instant Petition. First, on January 4, 1995, Allison pled guilty to four counts of grand larceny in violation of Va. Code §18.2-95 in the Circuit Court for the City of Virginia Beach, and was sentenced to a suspended sentence for the offenses with indefinite probation. *Commonwealth v. Allison*, Nos. CR94002874-01,

1

CR94002874-032, CR94002874-03, CR94002874-04 (Va. Cir. Ct. Jan. 4, 1995). Second, on April 2, 2003, Allison was found guilty of the offense of attempted malicious wounding in violation of Va. Code §18.2-51.2 in the Circuit Court for the City of Virginia Beach. He was sentenced to seven years, of which four years were suspended with indefinite probation. *Commonwealth v. Allison*, No. Cr02004574-00 (Va. Cir. Ct. Apr. 2, 2003).

Third, on October 19, 2012, Allison pled guilty to assault and battery in violation of Va. Code § 18.2-57 in the Circuit Court for the City of Chesapeake. *Commonwealth v. Allison*, No. CR12000039-00, (Va. Cir. Ct. Oct. 19, 2012). Allison was sentenced to twelve months with eleven months suspended. *Id.* Allison did not appeal the ruling. ECF No. 21 at 1. Allison's assault and battery conviction led to a probation revocation hearing on March 13, 2013, in the Circuit Court for the City of Virginia Beach. Probation Revocation Hr'g Tr., *Commonwealth v. Allison*, Nos. CR94-2874, CR94-2961, CR02-4574, CR02-4612, at 65 (Va. Cir. Ct. Mar 13, 2013). The court revoked a total of nine years that were suspended from the 1995 and 2003 convictions. *Id.*

Allison is currently confined in the Virginia Department of Corrections due to the revocation of his suspended sentences by the Circuit Court for the City of Virginia Beach. *Id.* at 65-66; ECF No. 21 at 1. Allison subsequently filed a petition for writ of habeas corpus in the Supreme Court of Virginia on September 11, 2014 challenging his assault and battery conviction in Chesapeake. Order, *Commonwealth v. Allison*, No. 141349 (Va. Mar. 11, 2015). The grounds for filing this state habeas petition were as follows:

1. Ineffective Assistance of Counsel: Allison asserted that his trial counsel failed to advise him that his guilty plea for the assault and battery charge in the Circuit Court

for the City of Chesapeake would affect a previously suspended sentence or sentences because his counsel did not properly investigate his prior convictions and sentences.

2. Prosecutorial Misconduct: Allison asserted that the Commonwealth of Virginia engaged in prosecutorial misconduct by obtaining a security video from the victim. Allison further asserted that there was no chain of custody for the tape, and that the State intended to use this "tainted" evidence at trial.

*Id.* at 1-2. On March 11, 2015, the Supreme Court of Virginia dismissed Allison's state petition. *Id.* at 1. The court rejected Allison's claims of ineffective assistance of counsel, stating that the Allison failed to offer a valid reason for knowingly and willingly pleading guilty despite being advised by the trial court that such a plea may affect his probation. *Id.* at 1-2. The court also rejected Allison's prosecutorial misconduct claim, holding that a knowing guilty plea waives all non-jurisdictional defenses antecedent of that plea. *Id.* at 2.

Allison then brought a habeas petition before this Court, challenging the result of his probation revocation hearing; that petition was denied on the merits. Report and Recommendation, *Allison v. Clarke*, No. 2:15-cv-273 (E.D. Va. Feb. 29, 2016).[1] Allison subsequently filed the instant Petition for habeas relief on April 7, 2015, challenging his assault and battery conviction. ECF No. 1 at 1. Allison raised nearly identical claims as in his state habeas petition:

1. Ineffective Assistance of Trial Counsel: Allison asserted that his trial counsel failed to advise him that his guilty plea for the assault and battery charge in the Circuit Court

---

[1] Allison filed two petitions in the United States District Court for the Eastern District of Virginia. These petitions assert different claims and arise from different convictions. The first petition reviewed by this Court dealt with Allison's 2013 probation revocation, while the instant matter arises from Allison's 2012 assault and battery conviction. Therefore, the petitions are not successive. *See* 28 U.S.C. § 2244(a); *see also Miller v. Bordenkircher*, 764 F.2d 245 (4th Cir. 1985).

3

for the City of Chesapeake would affect a previously suspended sentence or sentences.

2. Malicious and Vindictive Prosecution: Allison asserted that the Commonwealth of Virginia engaged in prosecutorial misconduct by obtaining a security video from the victim of the assault and battery. Allison further asserted that the video tape was mechanically altered by the victim, eliminating those sections which would have proven Allison's claims of self-defense.

ECF No. 1 at 5-7.

On October 8, 2015, the Attorney General of Virginia, on behalf of the Respondent, filed a Motion to Dismiss, a Brief in Support of Respondent's Motion to Dismiss, a Rule 5 Answer, and a *Roseboro* notice. ECF Nos. 19-22. Allison filed a brief in opposition to Respondent's Motion to Dismiss. ECF No. 26.

## II. Allison is Not "in Custody" on the Assault and Battery Conviction

Allison is not in custody as a result of the assault and battery conviction he contests here, and therefore this Court lacks jurisdiction to consider the instant Petition. "The writ of habeas corpus shall not extend to a prisoner unless he is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." 28 U.S.C. § 2241(c)(1). "The 'in custody' requirement is jurisdictional; if a habeas petitioner is not 'in custody" for the conviction or sentence he is challenging, then the petition must be dismissed for lack of subject matter jurisdiction." *Lawson v. Dotson*, No. 3:11CV-P384-H, 2014 WL 186868, at *3 (W.D. Ky. Jan. 15, 2014), *appeal dismissed* (June 10, 2014).

The Supreme Court held that the "in custody" requirement for habeas relief does not require that the petitioner be physically confined in order to challenge his sentence. *Jones v.*

*Cunningham*, 83 S.Ct. 373, 375-376 (1963) ("[I]n the United States the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody."). However, the Court has never held that a petitioner is in custody when the challenged sentence "has fully expired at the time [the] petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Various circuits have likewise noted that "in custody" requires the petitioner to be confined for the specific conviction being challenged. If the petitioner is not confined pursuant to the conviction which he challenges, then the "in custody" requirement is not met. *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) ("A petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed"); *Escobedo v. Estelle*, 655 F.2d 613 (5th Cir. 1981) ("We hold that a habeas petitioner does not meet the statutory "in custody" requirement when he is no longer (and was not at the time he filed his petition) in custody pursuant to the conviction he attacks.").

Allison pled guilty to assault and battery on October 19, 2012, and received a sentence of twelve months incarceration, with eleven months suspended on November 8, 2012. Despite this, the instant Petition, which challenges the assault and battery conviction, was not filed until April 7, 2015. Hence, Allison is challenging a conviction for which he is no longer confined, and therefore he does not satisfy the "in custody" requirement.[2]

As the Supreme Court held in *Maleng*, a petitioner's detainment under one conviction cannot satisfy the "in custody" requirement of another. *Id.* at 491-92. As various Circuits have likewise noted, a successful habeas petition must challenge the conviction for which the

---

[2] It may be contended that Allison's assault and battery conviction led to his present confinement, and therefore he is in custody. However, the Supreme Court noted in *Maleng* that the collateral consequences of one conviction cannot give rise to the satisfaction of the "in custody" requirement to a separate detainment under a separate conviction. *Maleng*, 490 U.S. at 492. Therefore, Allison's current confinement, even if it is a direct result of the assault and battery conviction, does not satisfy the "in custody" requirement for his instant challenge.

petitioner is presently detained. Allison is currently detained under his reinstated sentences from his 1995 and 2003 convictions. Yet, the instant Petition challenges only the assault and battery conviction from 2012, a conviction for which Allison is no longer detained. Since Allison challenges a conviction for which he is no longer detained, he is not "in custody," and this Court has no jurisdiction to consider the merits of his Petition.

## IV. The Petition is not Timely

As further grounds, the undersigned finds that the instant petition also is not timely.[3] Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Generally, the statute of limitation for filing a section 2254 petition is tolled during the time which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim" is pending in state court. 28 U.S.C. § 2244 (d)(2).

In the instant matter, Allison's final sentencing order was issued on November 8, 2012. ECF No. 21 at 2. Allison did not file a direct appeal; and therefore the statute began to run thirty days after November 8, 2012, when the time to file a direct appeal expired. *See* Va. Sup. Ct. Rule 5A:6. Therefore, the federal statute of limitations began to run on December 10, 2012.[4] ECF No. 21 at 2; *see also* Va. Code § 1-210. The instant Petition was not filed until April 7, 2015, 887 days after the time for filing began to toll. Further, Allison does not reap the benefits

---

[3] While the in custody requirement is jurisdictional, a court may "choose among threshold grounds for denying audience to a case on the merits. . . [since] district courts do not overstep Article III limits when they decline jurisdiction of state-law claims on discretionary grounds without determining whether those claims fall within their pendent jurisdiction." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999).

[4] The thirtieth day fell on a weekend and, and was therefore extended to the succeeding business day.

of statutory tolling because his state habeas petition for his assault and battery conviction was not filed within the one year statute of limitations.

## V. Conclusion

This Court does not have jurisdiction to consider the claims Allison presents under his assault and battery conviction, because at the time Allison filed the instant Petition, he was not in custody under his assault and battery conviction. Moreover, even if this Court had proper jurisdiction, the instant Petition is not timely. The federal statute of limitations ran for 887 days, thereby not meeting the one year statute of limitation.

## VI. Recommendation

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 19, be **GRANTED**, and Allison's Petition, ECF No. 1, be **DISMISSED.**

## VII. Review Procedure

By receiving a copy of this Report and Recommendation, Allison is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a

judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Allison and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 3, 2016